MATTHEW G. KLEINER (SBN: 211842)
mkleiner@grsm.com
CASEY SHAW (SBN: 262295)
cshaw@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-7419
Facsimile: (619) 696-7124

Attorneys for Defendant
SBE ENT HOLDINGS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEALTHCARE ALLY MANAGEMENT OF CALIFORNIA, LLC<br><br>Plaintiff,<br><br>vs.<br><br>SBE ENT HOLDINGS, LLC, and DOES 1-10<br><br>Defendant. | CASE NO. 2:21-cv-4744<br><br>(Complaint filed in Los Angeles Superior Court Case No.: 20STCV34067)<br><br>**NOTICE OF REMOVAL**<br><br>Complaint Filed: September 8, 2020 |

Defendant SBE ENT Holdings, LLC ("SBE" or "Defendant") files this Notice of Removal pursuant to 28 U.S.C. §§1332, 1441, and 1446, and in support thereof, SBE respectfully alleges the following:

**I.    COMMENCEMENT AND SERVICE**

1.    On September 8, 2020, Plaintiff Healthcare Ally Management of California, LLC ("Plaintiff") filed suit against SBE in the Los Angeles County Superior Court, styled *Healthcare Ally Management of California, LLC v. SBE ENT Holdings, LLC*, Case No. 20STCV34067 ("Complaint"). (The Summons and Complaint are attached hereto and marked as Exhibits "1" and "2".)

/ / /

2. On October 28, 2021, Plaintiff served SBE with the Complaint. (Proof of Service Summons and Complaint attached hereto and marked as Exhibit "3.")

3. After receiving a number of extensions, SBE answered the complaint on June 3, 2021. A defendant who has already filed a general answer in the state court need not file another answer after removal, unless the federal court so orders. (FRCP 81(c)(2); Cal. Code Civ. Proc. § 431.30(d).) (The Answer to the Complaint is attached hereto as part of "Exhibit 4", found at pages 61-70)

4. This Notice of Removal is timely filed. A defendant ordinarily has 30 days from receipt of a state court pleading with a removable claim to remove the case to federal court, but no more than one year in diversity cases. (42 USC § 1446(b), (c).) The deadline begins only when the basis for removal appears on the face of the pleading. (*Harris v. Bankers Life & Cas. Co.* (9th Cir. 2005) 425 F.3d 689, 694.) Plaintiff's complaint does not identify the parties' respective states of incorporation or principal places of business. The 30-day removal deadline is not triggered in diversity cases like this where the state court pleading does not explicitly identify the basis of diversity, i.e., the parties' domicile. (*Harris*, *supra*, 425 F.3d at pp. 695-696.) The defendant's subjective knowledge of the parties' domicile is irrelevant, and it has no duty to make further inquiry to confirm the parties' domicile. (*Harris*, *supra*, 425 F.3d at p. 694.)

## II. GROUNDS FOR REMOVAL – DIVERSITY JURISDICTION

5. SBE is entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§1332, 1441, and 1446, because this action is a civil action involving an amount in controversy exceeding $75,000.00, between parties with complete diversity of citizenship. (28 U.S.C. § 1332(a) [district courts have original jurisdiction where the matter in controversy: (1) exceeds the sum of $75,000.00, exclusive of costs and interest; and (2) is between citizens of different states].)

/ / /

## III. DIVERSITY OF CITIZENSHIP

6. This is an action between parties with complete diversity of citizenship.

7. Diversity of citizenship exists where the matter in controversy is between citizens of different states. (28 U.S.C. §1332(a).) A corporation for purposes of 28 U.S.C. § 1332(a) is considered a citizen of any state in which it is incorporated and in which it has its principal place of business. (28 U.S.C. §1332(c).) The citizenship of a limited liability company is the citizenship of all of its members. See *Johnson v. Columbia Properties Anchorage*, LP, 437 F.3d 894, 899 (9th Cir. 2006).

8. SBE is informed and believes that Plaintiff is a California limited liability company, headquartered in California. SBE is informed and believes that each of Plaintiff's members is a citizen of California.

9. SBE is a Delaware limited liability company its principal place of business located at 131 Spring Street in New York, New York 10012. (Declaration of Philippe Zrihen, ¶3.) There are two members of SBE, both of which are Delaware LLCs. (*Id*.) None of the members of these two Delaware LLCs are California citizens. (*Id*.) There are multiple LLCs that are members of these two Delaware LLCs and none of their members are citizens of California. (*Id*.) In fact, there are no California citizens at any level of SBE's organizational chain. (*Id*.) In sum, SBE is not a California citizen. (*Id*.)

10. SBE is authorized to transact and is transacting business within the State of California and this judicial district. (Complaint, ¶2.)

11. No change in the citizenship of SBE has occurred since commencement of the state court action. Thus, because Plaintiff and Defendant are from different states, complete diversity of citizenship exists, and the first prong of 28 U.S.C. § 1332(a) is satisfied.

///

## IV. AMOUNT IN CONTROVERSY

12. Under 28 U.S.C. § 1332(a), district courts have original jurisdiction where the matter in controversy exceeds the sum of $75,000.00, exclusive of costs and interest. (*Rainero v. Archon Corp.*, 844 F.3d 832, 839 (9th Cir. 2016).)

13. Per the allegations in the complaint, Plaintiff seeks monetary damages based, in part, the difference between what Plaintiff billed ($56,668.25) and what SBE paid ($1,297.93) for patient IR and the difference between what Plaintiff billed ($113,745) and what SBE paid ($3,572.78) for patient AJ. (Complaint, Exhibit 1, ¶¶ 32 and 47.)

14. In sum, Plaintiff seeks in excess of $160,000 in damages. Based on the above, there is a preponderance of evidence demonstrating the amount in controversy for this matter exceeds $75,000.00.

15. Venue properly lies in the United States District Court for the Central District of California because Plaintiff filed the state court action in this judicial district and division. *See* 28 U.S.C. §§ 1441, 1446.

## V. NOTICE

16. SBE will give notice of the filing of this Notice of Removal to all parties of record. SBE will also file with the clerk of the state court and will serve upon Plaintiff a notice of the filing of this Notice of Removal.

## VI. STATE COURT PLEADINGS

17. Copies of all state court pleadings and orders are attached to this Notice of Removal. SBE attaches and incorporates by reference true and correct copies of all pleadings and other documents that were previously filed with the state court:

Exhibit 1 – Complaint

Exhibit 2 – Summons (Complaint)

Exhibit 3 – Proof of Service Summons and Complaint

Exhibit 4 – All other pleadings filed with the state court.

-4-
NOTICE OF REMOVAL

## VII. PRAYER

WHEREFORE, pursuant to 28 U.S.C. §§1332, 1441, and 1446, SBE files this Notice of Removal with the United States District Court for the Central District of California seeking to remove this action from the Superior Court of the State of California, in and for the County of Los Angeles.

Dated: June 10, 2021                    GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ Matthew G. Kleiner*
Matthew G. Kleiner
Casey Shaw
Attorneys for Defendant:
SBE ENT Holdings, LLC